THIS was an action of assumpsit, brought by Don, aphan, as assignee, against M’Gee, as the assignor of a note executed to the latter by John Esther. Donaphan, in his declaration, alleges in substance, that M’Gee, in consideration that he had become indebted to him for money paid and advanced, assigned the note on Esther, to him, and that he had used due diligence by suit to obtain the money of Esther, and had failed.
The cause was tried on the general issue, and on the trial, Donaphan produced the record of the judgment and proceedings against Esther and his special bail, and proved that Esther and his bail lived in Mason county, where the suit was brought, when the writ was executed, and that the bail was then good j but that both Esther and his bail, shortly after theservice of the writ, had left the state and settled in the state of Ohio, where they still lived. This being all the evidence, M’Gee, by his counsel, moved the court *140 to instruct the jury as in case of a non-suit ; but th© court overruled the motion, and a verdict and judgment, having been rendered against M’Gee, he has brought the case to this court, by writ of error.
1 Dig. 99.
The evidence very clearly evinces a due degree of diligence on the- part of Donaphan to recover the mo. ney of the maker of the note. But it is contended, that the court erred in not instructing the jury as in case Of a non suit: 1st, because the consideration alleged, was not proven, and 2ndly, because there was tio proof of the assignment of the note by M’Gee to Donaphan.
2. It was formerly held by this court, that in an action by the assignee against, the assignor of an instrument not negotiable upon the principles of mercantile law, it was necessary to allege the consideration upon which the assignment was made, and of course that it was necessary to prove the consideration alleged. The, assignment was ii self deemed tó be prima facie evidence of its having been made upon a valuable consideration. But of the infinite variety of considerations which might by possibility exist, one could not be more probably the foundation of the assignment than another ; and where a particular consideration was alleged, the assignment could of course be no proof of such consideration, and other proof of it was therefore necessary. This seems to have been thought to have been an inconvenience worthy of legislative in. terposibo-’, and to remedy it. tbe legislature, by the 2 ¡ st section of the « act to amend the law of proceedings in civil cases,” has provided, “ that it shall not be necessary, in an action upon an assignment of any in. strument, to set forth in the declaration the considera, tion upon which the assignment was made.” 4 Littell 888. We dp not apprehend that it was the object of the legislature, in the enactment of this provision, to make the assignor liable in a case where he would not have'been before liable; and consequently, il the assignment was made without consideration, or for a consideration that was vitious or illegal, an action could not be maintained against him upon the assign, ment. A valid consideration is still qecessary,there, fore, to enable the assignee to recover. But the as. signnient itself, is, as vve have seen, prima facie evi. deuce of such a consideration, and unless it be repelled, *141 .musí, under the provision dispensing with the necessi ty of an averment of a particular consideration, be deemed sufficient to entitle the plaintiff to recover where he has not alleged a consideration.^ But as Donaphan has alleged a particular consideration in this case, the question occurs, whether it was not necessary for him to prove the consideration alleged, notwithstanding the allegation was unnecessary ; for it is not in every case that proof will not be required of an averment which is unnecessary. The rule upon this subject is, that if an aterment be so blended wilh the plaintiff’s right that it cannot be struck out w ith, out getting rid of a part essential to the cause of action, the whole, though more particular than it need have been, must be proved, or the plaintiff cannot recover; but if an averment may be struck out will)out destroying the plaintiff’s right of action, it will not he necessary to prove it. Tested by this rule, the averment of the consideration in this case, must he deemed immaterial, and not necessary to be proved. for the averment may be struck out, and the cause of action still remain entire; p,
i Dig. 257.
3. With respect to the necessity of proof of the assignment,.it is sufficient to remark, that in the case of Dodge vs. Bank of Ky. 2 Marshall 610, it was held,, under the act of 1801, 2 Litt. 440, such proof was un. necessary, in an actio)) founded upon an endorsement or assignment, unless the assignment was denied by a plea supported by oath ; and in this case there was no such piea.
Judgment affirmed with costs.