Judge Muxs
delivered the Opinion of the Court.
This was an action of assumpsit, brought by the plaintiff in the court below, to obtain his recourse against the defendant, on a note assigned to him by the defendant, executed by a person residing in Indiana, the recovery of which had been defeated by' the maker of the note pleading the statute of limitations of that state, to the demand, before a justice of llie peace.
These facts were stated in the declaration, and the defendant below pleaded non assumpsit. Onthetrial the plaintiff gave in evidence the exemplification 0f the record of a justice of the peace in Indiana, *n which was contained a judgment against the note, on the plea of the statute of limitations, including with the record a copy of the note, with its assignmcn^' by (he defendant below to the plaintiff. To the admission of this evidence both as improper and insufficient, the defendant below objected, and was °vcm>led, and judgment having been rendered against him, he has brought the case to this court by wrR °f error, relying on the same question here,
We perceive no objection to the admission of this record of the justice of the peace. It was ajudicta proceeding of a functionary of a sister state, and was authenticated as the act of Congress rcquires, and as such no objection exists to its admission.
'It is contended that it was wholly insufficient, unless the statute of limitation of that state had been produced, which warranted the judgment against the 1 . rin, . . . , , t *; . noto. Ins certainly cctuld not be necessary.
|f support the. judgment of a court of a sister * * o state, the law on which it is based must be produced, it would bring with t/ic record, in many instances, the statutory code, and the common law of the state in which it was rendered, and thus subject the party using it to great expense, ami introduce a practice highly inconvenient.
If it did appear there was no such' statute or law of limitation, the effect of the judgment would not bj; different.
Decision by a competent tribunal, fair ly obtained against the note, whether erroneous or not, cntitlos the assignee to his recourse.
That defendant in such case appeared to the action without process is no objection.
In an action by assignee against assign- or, it is not necessary to produce tho note,unless its assignment be denied by plea on $atk
Marry for plaintiff in error.
And after such laws were produced, they must be Cnlirely useless, unless the court here was authorized to look into these laws, and thereby re-try the merits, and condemn the errors of the tribunh.1 which rendered the judgment, and thus the constitution of the United States would be defeated, by enquiring into, and destroying the faith and credit which must he attached to such records, which the constitution intended to prevent.
Besides if the law was produced, or it should appear there was no such law, it would not follow that the plaintiff below in this action must lose his demand, because he did not contest and overthrow the error of the justice of liio peace of Indiana.
The law requires the assignee to use due diligence in legal investigation and execution, by applying to the proper legal authority. And it cannot be' supposed that he runs the risque of judicial errors, and must cause the tribunal to which he applies to decide rightly before lie can have his recourse. A decision by a competent tribunal, fairly obtained against the note, is all an assignee can be bound to obtain, whether it be orbe not erroneous.
It, is contended that the record in this case proves collusion between the assignee and payee of the note. We conceive not. It is true the parties appeared before the justice and waived process, and submitted the demand to the determination of the justice. We are aware of no law which prevents such proceedings, nor do we perceive the irresistible inference of collusion resulting from it. Besides the justice states, that they appeared and submitted the case according to a statute of that state.
It is insisted that the note itself was not produced, but only the copy with the record was produced, and that no proof was made of the assignment of the note by the plaintiff in error. The decisions of this court in the cases of Dodge, &c. vs. Bank of Kentucky, 2 Marsh. 610; and McGee vs. Doniphan, 2 Litt. Rep. 139, shew that such proof was unnecessary, unless a plea denying flie assignment, supported by an affidavit, had been filed.
The Judgment must be affirmed with costs.